**PENWELL, Plaintiff-Appellant v. McMULLEN et, Defendants-Appellees.**

Ohio Appeals, Third District, Marion County.

No. 952. Decided October 26, 1942.

**350**

Davis, Hoover & Beall, Cincinnati; Carhart & Carhart, Marion, for plaintiff-appellant.
William P. Moloney, Marion, for defendants-appellees.

## OPINION

By GUERNSEY, J.

This is an appeal upon questions of law, from a judgment of the Court of Common Pleas of Marion county, Ohio, in an action pending therein wherein Mrs. Elsie Penwell on behalf of herself as widow, and Alice Penwell, Mary Lou Penwell and Fred T. Penwell, minor children of Rufus Penwell, deceased, is plaintiff, and Lawrence Mc-Mullen and Eva McMullen, partners, are defendants, purporting to be an appeal from an order of the Industrial Commission disallowing a claim filed with said Commission by plaintiff, rendered upon motion of the defendant Eva McMullen, dismissing the entire proceeding against defendants at costs of plaintiff.

The transcript of the proceedings had before the Industrial Commission in this cause, filed herein, discloses that the plaintiff herein filed three separate claims with the Industrial Commission for compensation for the death of Rufus Penwell. One of the claims was filed against Eva McMullen as the employer, and two of the claims were filed against Lawrence McMullen as the employer. The claims were submitted together both at the original hearing and the rehearing of the same before the Commission. Both upon the original hearing and the rehearing before the Industrial Commission the claims were disallowed "for the reason that proof of record fails to establish that either of the parties named in the application namely, Lawrence McMullen or Eva McMullen was subject to the provisions of the Workmen's Compensation Law."

After the disallowance of the claims upon rehearing, the plaintiff, within sixty days after receipt of notice of the action of the Commission denying the claim, filed a petition in the Common Pleas

Court of Marion county, Ohio, the county where the decedent's injuries occurred, in which she designated Lawrence McMullen and Eva McMullen, partners, as defendants, and alleged that she brought the action on behalf of herself and Alice Penwell, Mary Lou Penwell and Fred T. Penwell, minor children of the said Rufus Penwell, deceased, as an appeal from an order of the Industrial Commission of Ohio refusing to plaintiff compensation for the death of her said husband, and in which she further alleged that Lawrence McMullen and Eva McMullen were partners who at the times hereinafter mentioned operated a trucking business in the City of Greenfield, Ohio; and that on the 3rd day of October, 1936, said defendants had in their employ Rufus Penwell and one other party as truck drivers; and that the defendant Lawrence McMullen was at the same time engaged as a truck driver for said partnership and doing manual labor identical with that of the other employees about the same establishment; and at that time, the defendants had not complied with the Workmen's Compensation Act of Ohio by paying premiums to the State Insurance Fund or by qualifying as a self-insurer under the provisions of §1465-69 GC. She further alleged that on October 3, 1936, Rufus Penwell in the course of his employment and while driving a truck for the defendants, sustained injuries which resulted in his immediate death.

She further alleged certain facts as to the filing of the said claim with the Industrial Commission and proceedings had by the Industrial Commission thereon, essential to the jurisdiction of the Common Pleas Court on such appeal, and also alleged that the defendants were subject to the provisions of the Workmen's Compensation Act and were an employer within the meaning of that law at the time of the death of plaintiff's husband, and that plaintiff is entitled to compensation under the Workmen's Compensation Act by reason thereof.

The prayer of her petition is that a jury be impaneled and that upon trial she be found entitled to compensation under the Workmen's Compensation Act for the death of her husband Rufus Penwell, and that she recover her costs, including reasonable fee to her attorneys for their services.

To this petition, defendant Lawrence McMullen filed an answer, and the defendant Eva McMullen, reserving all the rights secured to her by a motion theretofore filed in the cause to quash service, and expressly disclaiming any intention to waive the question of jurisdiction of the court over her person, moved the court for an order dismissing the appeal from the Industrial Commission for the reason that the record affirmatively shows that there never was any proceeding before the Industrial Commission of Ohio involving the named defendant, from which an appeal might be taken. That the record affirmatively shows that the appeal does not purport to be an appeal of any proceedings against this defendant.

The journal entry on the hearing of said motion recites that the

**352**

cause came on for hearing on the motion of Eva McMullen to dismiss the proceedings for the reasons set forth in said motion, and upon the argument of counsel, and was submitted to the court upon the pleadings and transcript of rehearing record from the Industrial Commission and upon no other evidence; and that upon consideration whereof the court do find that said motion is well taken and that the same should be and is sustained; and it is further ordered and adjudged that the entire proceedings herein be dismissed and that the defendants Lawrence McMullen and Eva McMullen go hence without day and that the plaintiff pay the costs of the action.

It is from this order that this appeal is taken.

The defendant-appellee Eva McMullen has filed a motion in this court in which she expressly disclaims any intention of entering her appearance herein, and asks that the appeal of plaintiff-appellant from the judgment of the Common Pleas Court be dismissed. The grounds stated in her motion for the dismissal of the appeal are the same as the grounds stated in her motion for the dismissal of the proceedings in the Common Pleas Court, so that a consideration of the motion to dismiss the appeal from the Common Pleas Court to this court involves the consideration of the same questions as are involved in the consideration of the merits of the appeal from the Common Pleas Court to this court.

It is the settled law of this state that partners, being jointly and not jointly and severally liable must all be sued █ jointly in contract. Bates Pleading and Practice and Forms, 1908 Edition, Volume 3, page 2379. **30 O. Jur., 1068.**

While the liability of partners, under the Workmen's Compensation Act, is based on statute, upon reasoning it would █ appear to be the same as upon contract, subjecting them only to being sued jointly. This being the case, a claim filed against an individual under the Workmen's Compensation Act can not be based on any liability that might █ be imposed upon a partnership of which the individual is a member, unless the claim is made jointly against such individual and the other member or members of such partnership.

The separate claims filed by the plaintiff with the Industrial Commission against Lawrence McMullen and Eva McMullen severally and not jointly therefore could only be predicated upon liability imposed by said Act upon them in their separate individual capacities and not upon any liability which might be imposed upon them by reason of their membership in a partnership.

The claim against Lawrence McMullen, as filed with the Industrial Commission, forms the sole basis of any right of action the plaintiff may have against him in the premises, and the claim against Eva McMullen, as filed with the Industrial Commission,

forms the sole basis of any right of action the plaintiff may have against her in the premises.

As the claims were filed with the Industrial Commission against each of the individuals severally and not jointly and are predicated upon their individual liability and not any liability to which they might jointly be subjected, the only rights of action the plaintiff may have against either of them in the premises, is a separate right of action based on the separate and several liability of the individual and not upon any liability to which the individuals might be jointly subjected. Such rights of action may be enforced only by separate actions against each individual based upon the separate and several liability, if any, of the individual.

For the reasons mentioned, the plaintiff in the instant case, upon her appeal to the Common Pleas Court from the order of the Industrial Commission disallowing her claim, had the right to file separate petitions against Lawrence McMullen and Eva McMullen, predicating her right to recovery upon the separate and several liability, if any, of each of them, but did not have the right attempted to be exercised by her in her petition, to join them as defendants and/or predicate her right to recovery upon the joint liability, if any, of the defendants as members of a partnership.

However, the joinder of the defendants and the predicating of her right to recovery, upon the joint liability of the defendants as members of a partnership did not constitute a ground for the dismissal of the entire proceedings in the Common Pleas Court. as such dismissal has the effect of depriving the plaintiff of her unquestionable right, upon the appeal from the order made by the Industrial Commission disallowing her claims, to file petitions against each defendant separately, predicated upon the separate and several liability of such defendant.

As the facts with reference to the proceedings had before the Industrial Commission, as above mentioned, precluding the plaintiff from joining the defendants and predicating her right to recovery upon the liability of the defendants as partners, did not appear upon the face of the petition and the petition on its face stated a cause of action, the proper method for the defendants to attack the petition was to file an answer alleging such facts as a defense to plaintiff's claim of joint liability, and as grounds for an order by the court determining that separate causes of action against the several defendants were improperly joined.

If such answer had been filed, the court upon sustaining such defense and making the determination that separate causes of action against several defendants had been improperly joined, might, on motion of the plaintiff, allow her, with or without costs, to file separate petitions each comprehending a cause of action against one of the defendants, in which event an action would be docketed for each of the petitions and be proceeded in without further service,

in the same manner as provided by §11312 GC, in cases where a demurrer is sustained on the ground of misjoinder of several causes of action.

For the reasons above mentioned, the grounds stated in the motion for dismissal of the appeal from the Common Pleas Court to this court are without merit and said motion is overruled at costs of defendant-appellee Eva McMullen.

For the same reasons, the judgment of the Common Pleas Court dismissing the entire proceedings is erroneous in that it is contrary to law and is for this reason reversed, and the cause is remanded to the Common Pleas Court for further proceedings according to law at costs of defendant-appellee.

KLINGER, P. J., and CROW, J., concur.